UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 13-26-DCR |
| V. | ) | |
| WILEY J. WIREMAN, | ) | **MEMORANDUM ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant Wiley Wireman's motion for a sentence reduction under 18 U.S.C. § 3582, based upon Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."). [Record No. 212][1] Wireman is currently serving a term of 70 months' imprisonment based on the guidelines in effect at the time of his sentencing hearing (May 8, 2014). [Record No. 176] Under the U.S.S.G., Wireman's total offense level was 25 and he was placed in criminal history category III for purposes of calculating his non-binding range of imprisonment. This resulted in a range of 70-87 months.

Wireman is currently scheduled to be released from incarceration on January 10, 2019. *See* www.bop.gov/inmateloc/ (last checked October 6, 2015). The United States Sentencing Commission has since amended the applicable guideline range and given the amendments

[1] On October 2, 2015, the Clerk of the Court received a letter from Wireman in which the defendant states that he may be eligible for a two-level reduction of his original guideline calculation. The letter seeks assistance but is not captioned in the form of a motion. The Clerk of the Court has liberally construed the letter as a motion seeking relief and has docketed it in that manner. Although the defendant offers to provide other documents for consideration, the Court is able to address Wireman's entitlement to relief based on the information currently available.

retroactive effect. *See* U.S.S.G. App. C., amend. No. 782, U.S.S.G. § 1B1.10, p.s. (eff. Nov. 1, 2014). As a result, the relevant drug quantity table in the U.S.S.G. was reduced by two levels.

Having considered Wireman's motion, the policy statement set forth in U.S.S.G. § 1B1.10, and the relevant sentencing factors under 18 U.S.C. § 3553(a), the Court will grant the relief requested. Application of the amendment to this defendant's guideline calculation results in a total offense level of 23. Combined with criminal history category III, this corresponds to a non-binding guideline range of 57 to 71 months imprisonment.

Although Wireman was sentenced at the bottom of his guideline range in 2014, a revised sentence at the bottom of his newly-calculated guideline range is not automatic and, in the present case, not appropriate. Having considered all statutory factors of 18 U.S.C. § 3553, a sentence of 60 months will be imposed. A lesser sentence would unduly diminish the seriousness of his offense and not provide sufficient general or specific deterrence. Likewise, a lesser sentence would not provide proper punishment for Wireman's criminal conduct. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Wiley Wireman's motion for a sentence reduction under 18 U.S.C. § 3582 [Record No. 212] **GRANTED**. The defendant's previously-imposed sentence of imprisonment, as reflected in this Court's Judgment entered May 9, 2014 [Record No. 176] of 70 months is **REDUCED** to **60 months**, which is within the amended guideline range.

3. Except as otherwise provided, all provisions of the Judgment [Record No. 176] entered on May 9, 2014, remain in effect. The effective date of this Order is **November 1, 2015**. *See* U.S.S.G. Manual § 1B1.10(e)(1).

This 6th day of October, 2015.

**Signed By:**

***Danny C. Reeves*** DCR

**United States District Judge**